IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

:

    Plaintiff,                                      Case No. 3:06-mj-221

:

  -vs-                                        Chief Magistrate Judge Michael R. Merz

THOMAS BALLATO,

:

    Defendant.

**ORDER VACATING PERMISSION TO TRAVEL**

This criminal case is before the Court on Motion of the United States for Reconsideration of this Court's Order Permitting Travel of the Defendant (Doc. No. 16).

On October 18, 2006, the Court signed an Order allowing Defendant to travel from Dayton, Ohio, to Pinehurst, North Carolina, for purposes of attending a wedding celebration at the latter occasion. Permission was granted for travel for six days, November 21, 2006, to and including November 26, 2006.

The request for permission for this travel was made orally by Defendant's counsel at the end of an appearance for waiver of timely indictment which occurred on October 18, 2006. The Court inappropriately acted summarily on the motion without allowing a response from either Pretrial Services or the Assistant United States Attorney assigned to the case.[1]

---

[1] While the minutes of the waiver hearing initially indicated that Assistant United States Attorney Lafferty was present, that is incorrect and the minutes have been amended to reflect a correction (Compare Doc. Nos. 10 and 17).

1

The United States has now expressed its opposition (Doc. No. 16). Furthermore, the assigned Pretrial Services Officer and his supervisor have both expressed their concern to the Court: it would be physically impossible to maintain electronic monitoring during the travel, which is supposed to occur by car, and during the time spent in North Carolina.

In its prior Decision denying a modification of bond conditions to permit work release and computer access, the Court noted that the recently-enacted Adam Walsh Child Protection and Safety Act of 2006, P.L. 109-248, made the offense with which Defendant is charged one on which he is presumptively detainable. See 18 U.S.C. §3142(f)(1)(E) as added by the Act. At that time the Court wrote:

> This Court's logic in past cases with respect to the presumption of detainability has been that once probable cause has been proven on such a charge, the burden of overcoming the presumption shifts to the defendant. Applying that logic here and considering all the evidence presented to the Court, Defendant would have been detainable absent the Government's agreement to the conditions imposed. While Defendant has no prior arrest history, he has lost several jobs because of inappropriate sexual conduct in the workplace. This Court found probable cause to search his workplace computer for child pornography in 2004. He self-diagnosed himself as a sexual addict in 1998 and has received various treatments for that addiction, most of which have not prevented recurrence. While his current therapist has encouraged him to strengthen the bonds with his six year-old son and visit with the child at his mother's residence twice a week, those visits are now the subject of litigation in the Domestic Relations Court. Thus despite acknowledging his problem, having suffered a number of serious consequences of it (e.g., job and marital loss), and having received several types of treatment, Defendant appears to continue to engage in sexually deviant behavior, in this case quite serious behavior. Thus the evidence does not overcome but rather supports the presumption of detainability. Without the Government's agreement to the conditions of release already imposed, the Defendant would face pretrial detention.

(Decision and Order, Doc. No. 8, at 3-4.)

Defendant asserts that the Adam Walsh Act leaves the Court with discretion about permitting exceptions to electronic monitoring. No language in the Act is quoted in support of that interpretation and the Court would certainly not read the statute as allowing discretion about whether

to impose electronic monitoring at all.

Assuming, however, that the Court has discretion to grant an exception of the scope sought in the travel request, it is not prudent to grant that exception here.  Defendant has admitted problems resisting the temptation to deviant sexual behaviors considerably more varied than possession of child pornography.  The Pretrial Services Office would have no ability to monitor during the travel. Although the Court has no detailed explanation of the planned wedding celebration, such celebrations often involve alcohol consumption which is known to lower inhibitions on inappropriate conduct, particularly of the sorts to which drinkers were pre-inclined.

In sum, granting the travel exception requested in this case is inconsistent with the purpose embodied in the Adam Walsh Act's requirement for electronic monitoring of those released on conditions in this type of case.  The Order allowing travel (Doc. No. 13), is VACATED.

The Court notes for the benefit of Defendant's counsel that this Order is appealable to the District Judge currently performing grand jury supervision at the Dayton location of court, Judge Rose.

November 9, 2006.

                                                        s/ Michael R. Merz
                                        Chief United States Magistrate Judge